**1:24 CV 00024**

**JUDGE RUIZ**

FILED

JAN 0 4 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## EX PARTE MOTION FOR TEMPORARY ORDER

Plaintiff John Koe moves for a temporary order granting leave to file under and proceed under a pseudonym (e.g. a protective order). Koe's injuries include violations of the medical privacy protections guaranteed in employment by the Title I of the ADA 42 U.S.C. § 12212(d)(1) and 29 CFR § 1630.14(d)(1) including injuries related to the patient-client privilege recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1.

Accordingly, this is the sort of case where "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992). Koe has not yet incurred the harm of the unlawful and widespread public disclosure of medical information explicitly protected from disclosure, without limitation, under 42 U.S.C. § 290dd-2, 42 U.S.C. § 12112(d), and by the psychotherapist-client privilege. *See, Jaffee v. Redmond*, 518 U.S. 1. This information only exists or is at issue because of Defendants discriminatorily and unlawfully subjected Plaintiff to prohibited medical examinations/inquiries, 42 U.S.C. § 12112(d)(4)(a) under the subterfuge of their EAP in violation of 29 C.F.R. § 1630.14(d) *et seq*.

In order to litigated this case to vindicate his rights and the rights of other such employees, Koe will have to disclose privileged health information recognized as deserving

special legal protection. *Id.* See also. Accordingly, this is the sort of exceptional case that district court's have recognized warrant leave to proceed under a pseudonym. *See e.g. Roe v. Catholic Health Initiatives Colorado*, 11-cv-02179-WYD-KMT (D. Colo. Jan. 4, 2012) (where the district court granted a plaintiff case similar claims under Title I of the ADA leave to proceed under a pseudonym). This motion should be granted to preserve the status quo pending the Court's careful consideration and final decision on the issue of whether the circumstances in this exceptional case warrant granting Koe leave to proceed under a pseudonym. Granting this order will allow the Court obtains further information from the parties through responsive briefing, an evidentiary hearing, and argument pending. Defendants are aware of Koe's real identity, his intent to proceed under this pseudonym, his claims, and his intent to bring file the instant complaint.[1] Accordingly, Defendants will not be prejudiced by the grant of the requested temporary order pending amendment of the complaint, perfection of service of process, answer, and briefing by the parties.

Dated: January 3, 2024

Respectfully submitted,

*/s/ John Koe*  John Koe   01/04/2024

John Koe
PO Box 527
Novelty OH 44072-0527
Tel: (330) 732-5001
Email: john@johnkoe.org
Plaintiff, self-represented

---

[1] Mr. David A. Campbell, III (OH Attorney Reg. #66494) acting in his capacity as legal representative for UH refused to consider a tolling agreement that would have avoided the need to file the instant complaint before resolution of the appeal pending in the Court of Appeals for the Sixth Circuit. See *John Koe v. University Hospitals Health Systems, Inc.*, 22-3952, (6th Cir.); See also *Koe v. University Hospitals Health System, Inc.*, 1:22-cv-01455, (N.D. Ohio).