IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN KOE,<br><br>        Plaintiff,<br><br>vs.<br><br>**UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL.,**<br><br>        Defendants. | CASE NO. 1:24-CV-00024<br><br>JUDGE DAVID A. RUIZ<br><br>MAGISTRATE JUDGE JENNIFER DOWDWELL ARMSTRONG |

### DEFENDANTS' MOTION FOR REASSIGNMENT

Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, Seamus McMahon, David Campbell, Robert Ronis, Cathleen Cerny-Suelzer, Andrew Hunt, Susan Nedorost, and Katherine VanStratton (collectively, "Defendants") have not been served by Plaintiff John Koe ("Plaintiff") in the captioned-matter. This filing does not serve to waive or accept service of Plaintiff's Complaint for Employment Discrimination (the "Complaint").

This filing serves to notify this Court that the complaint should be reassigned to Judge Dan Polster. Plaintiff filed a prior pro se complaint entitled *John Koe v. University Hospitals Health System, Inc.*, 1:22 CV 1455 (the "First Lawsuit"). The complaint in the First Lawsuit was dismissed by Judge Polster on October 13, 2022, based on the Court's holding that Plaintiff could not proceed anonymously in the First Lawsuit. Plaintiff had the right to refile the lawsuit that properly identified him, but he elected not to do so. Rather, the matter is currently on appeal to the Sixth Circuit in Appeal No. 22-3952.

Despite Judge Polster's ruling in the First Lawsuit, Plaintiff has filed a complaint that is

1

nearly identical to the complaint in the First Lawsuit. Most relevant, Plaintiff has again attempted to file anonymously despite Judge Polster's prior ruling and the pending appeal to the Sixth Circuit. Accordingly, due to Judge Polster's familiarity with the underlying allegations, the procedural history, Plaintiff's prior request to proceed anonymously, and the dismissal in the First Lawsuit, this matter should be reassigned for the sake of judicial economy and to expedite a resolution.

A brief Memorandum in Support of this Motion is attached.

Respectfully submitted,

*/s/ David Campbell*
David A. Campbell     (0066494)
Donald Slezak         (0092422)
Y. Timothy Chai       (0092202)
**GORDON REES SCULLY MANSUKHANI**
600 Superior Ave. East, Suite 1300
Cleveland, Ohio 44114
T: (216) 302-2531
F: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com
tchai@grsm.com

*Counsel for Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, Seamus McMahon, David Campbell, Robert Ronis, Cathleen Cerny-Suelzer, Andrew Hunt, Susan Nedorost, and Katherine VanStratton*

**MEMORANDUM IN SUPPORT**

I. **RELEVANT BACKGROUND INFORMATION**

On August 15, 2022, pro se Plaintiff John Koe ("Plaintiff") filed the analogous matter, *John Koe v. University Hospitals Health System, Inc.*, *et al.*, 1:22-CV-01455, in the Northern District. The analogous matter arises out of Plaintiff's termination from a residency program on April 23, 2021. Plaintiff alleged that his termination from the residency program was due to either his sex or disability status. Plaintiff specifically alleged that Defendants University Hospitals Health System Inc., and University Hospitals Cleveland Medical Center, by and through their agents and employees, discriminated against him because of his gender and disability, failed to accommodate his disability, subjected him to an ADA prohibited medical exam/inquiry, and retaliated against him including post-discharge. Plaintiff's Complaint also included a request to proceed anonymously based on an argument that he would otherwise be compelled to disclose information of the "utmost intimacy." In response, Defendants filed a Motion to Dismiss based on Plaintiff's failure to commence the action by filing a proper complaint. Specifically, Defendants identified that Plaintiff failed to seek permission and failed to satisfy the high standard for proceeding anonymously.

In addition to the Motion to Dismiss, Defendants filed a Motion for Protective Order requesting an order prohibiting Plaintiff from communicating with Defendants' officers, employees, and affiliates. In doing so, Defendants provided Judge Polster with numerous examples of Plaintiff's prior communications with UH employees and agents that were demeaning, rude, harassing, and unnecessary. Judge Polster granted the Protective Order on October 11, 2022.

On October 13, 2022, Judge Polster granted Defendants' Motion to Dismiss, citing in relevant part: "the Court finds that Plaintiff's interests do not substantially outweigh the

presumption of open judicial proceedings sufficient to warrant anonymity." Moreover, Judge Polster found that "Plaintiff's complaint includes many factual allegations that would make identification of Plaintiff relatively simple…" Plaintiff's request to proceed anonymously was denied and the action was dismissed for lack of jurisdiction. *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 637 (6th Ci. Jan. 3, 2005)(citing *Natl'l Commodity & Barter Ass'n, Nati'l Commodity Exch. V. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989))("the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."). In the order, Judge Polster provided two conditions for Plaintiff to proceed with the matter: (1) file a motion to reopen the case; (2) file an amended complaint identifying himself.

Plaintiff did not comply with either option and instead, filed a motion to alter/amend judgment and for reconsideration, which was immediately denied. On November 14, 2022, Plaintiff filed a notice of appeal to the Sixth Circuit Court of Appeals from the order and final Judgment dismissing Plaintiff's entire action, from the order issuing a protective order, and from the order denying Plaintiff's motion to alter/amend judgment. On October 13, 2023, Plaintiff filed a Motion for Relief from Judgment. Judge Polster similarly denied that Motion finding that he lacked jurisdiction to rule on it.

With the appeal pending, Plaintiff filed the current matter which is based on the same underlying allegations, same primary Defendants, and same timeframe as the analogous matter. Conveniently, Plaintiff omitted any reference in the body of his Complaint to his other matter before Judge Polster. Plaintiff's attempt to circumvent Judge Polster's prior orders should not be entertained and this matter should be reassigned to Judge Polster for adjudication.

**II.     ARGUMENT**

Local Rule 3.1 permits a case to be reassigned when a case relates to a previously filed case. In this matter, the captioned-complaint should be reassigned to Judge Polster because this matter unquestionably relates to the first lawsuit filed by Plaintiff.

Plaintiff's current matter is nearly identical to the matter already ruled upon by Judge Polster. Plaintiff's underlying allegation is the same. Like the first Complaint dismissed by Judge Polster, the newly filed Complaint alleges that University Hospitals, through its employees and agents, discriminated against him based on his gender and/or disability, subjected him to a prohibited medical inquiry, and retaliated against him both before and after his termination. Although Plaintiff names numerous individuals allegedly involved in the discrimination or investigation, his primary Defendants are the same: University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center, where Plaintiff was a resident. The timeframe also remains the same: discrimination allegedly commencing around May/June 2020 and retaliation in his termination and continuing thereafter. In addition to the similarities in the two Complaints, Plaintiff has again requested to proceed anonymously and his request is for the same reasons that were already rejected by Judge Polster (i.e., Plaintiff argues in his "Ex Parte Motion For Temporary Order" in this case that he "will have to disclose privileged health information recognized as deserving special legal protection").

Put simply, Judge Polster has already addressed this precise scenario, denied Plaintiff's request to proceed anonymously, and issued an order dismissing Plaintiff's analogous matter. The order was clear: Plaintiff does not have any basis to proceed anonymously and therefore, there is no proper commencement of the action and the matter must be dismissed. Because Defendants will be filing a similar motion to dismiss and raising the exact arguments as the analogous matter,

this matter should be reassigned to Judge Polster. He is familiar with the underlying allegations, the arguments that Defendants will raise, the relevant case law governing Plaintiff's attempt to proceed anonymously, and has issued orders regarding the same. A reassignment will save the Court's resources, minimize Defendants' expenses, and expedite a resolution on this matter.

Plaintiff's desperate attempt to avoid or, worse, Plaintiff's blatant disregard of Judge Polster's unambiguous order should not be permitted. By filing a nearly identical matter under a pseudonym, Plaintiff deliberately ignores Judge Polster's prior order and continues to cost Defendants' needless expense concerning allegations that have already been adjudicated. Accordingly, this matter should be reassigned to Judge Polster for the sake of judicial economy and to facilitate an early resolution.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this matter be reassigned from Judge David Ruiz to Judge Dan Polster.

    Respectfully submitted,

    */s/ David Campbell*
    David A. Campbell   (0066494)
    Donald Slezak      (0092422)
    Y. Timothy Chai    (0092202)
    **GORDON REES SCULLY MANSUKHANI**
    600 Superior Ave. East, Suite 1300
    Cleveland, Ohio 44114
    T: (216) 302-2531
    F: (216) 539-0026
    dcampbell@grsm.com
    dslezak@grsm.com
    tchai@grsm.com

    *Counsel for Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, Seamus McMahon, David Campbell, Robert Ronis, Cathleen Cerny-Suelzer, Andrew Hunt, Susan Nedorost, and Katherine VanStratton*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon Plaintiff through overnight delivery and email to the address he has put on the Complaint.

>/s/ David A. Campbell
>David A. Campbell
>*Counsel for Defendants*