UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN KOE ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 1:24-CV-00024 |
| ) | |
| vs. ) | JUDGE DAVID A. RUIZ |
| ) | |
| UNIVERSITY HOSPITALS HEALTH ) | FILED |
| SYSTEM, INC., et al., ) | |
| ) | FEB 05 2024 |
| Defendants. ) | CLERK, U.S. DISTRICT COURT |
| | NORTHERN DISTRICT OF OHIO |
| | CLEVELAND |

**RESPONSE IN OPPOSITION TO MOTION FOR REASSIGNMENT**

UH's Motion for Reassignment should be denied because UH has failed to identify grounds warranting departure from the Court's presumption of non-reassignment when a related, earlier case is closed. Pursuant to the District Court's Local Rules there is a presumption of the Court not to reassign a case when the earlier case is closed. LR. 3.1(b)(3). The related case, *Koe v. University Hospitals Health System, Inc.*, 1:22-cv-01455, has been and remains closed. The instant case was filed pursuant to a Notice of Rights to Sue Koe received on October 6, 2023. Pursuant to LR 3.1(b)(4), Koe brought the prior related case to the attention of the Court including its clerk at filing by responding to the questions included on the Civil Cover Sheet.[1] (Doc. 1-1, PageID# 13).

---

[1] As disclosed in the initial filings, UH refused to consider a tolling agreement proposed to avoid the need to file the instant case before resolution of the pending appeal in *John Koe v. University Hospitals Health Systems, Inc.*, 22-3952, (6th Cir.) taken from the final decisions of the district court in *Koe v. University Hospitals Health System, Inc.*, 1:22-cv-01455, (N.D. Ohio). (Doc. 2, PageID# 17).

- 1 -

UH contends in passing that reassignment would serve judicial resources, minimize UH's expenses, and facilitate an expeditious resolution. (Doc. 4, PageID# 25). The gist of UH's argument is that the case should be reassigned because UH intends to file a Motion to Dismiss raising the exact same arguments it raised in the related, earlier case. (Doc. 4, PageID# 24-25). But this is not a logical basis for seeking reassignment because the merits of UH's motion are independent of the judge assigned. If UH has valid grounds pursuant to both Fed R. Civ. P. 11 & 12, UH is free to file its Motion to Dismiss. The District Judge currently assigned to this case pursuant to the Court's random draw procedure and local rules is more than capable of hearing and deciding UH's Motion to Dismiss.

Because UH cannot identify any grounds warranting departure from the Court's presumption of non-reassignment when an earlier, related case is closed, UH's Motion for Reassignment should be denied.

Dated: February 2, 2024

Respectfully submitted,

*/s/ John Koe*

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2024, I mailed the foregoing document to the Clerk of the United States Court for the Northern District of Ohio:

    Clerk, U.S. District Court
    801 W. Superior Ave.
    Cleveland OH 44113

When the Clerk scans and uploads the document into CM/ECF, service will be made on the following through the CM/ECF system users and thus through electronic mail on:

    David A. Campbell, III (OH Attorney# 66494)
    Gordon Rees Scully Mansukhani dcampbell@grsm.com

    Donald Slezak (OH Attorney# 92422)
    Gordon Rees Scully Mansukhani dslezak@grsm.com

    */s/ John Koe*
    John Koe