IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN KOE,** | ) | **CASE NO. 1:24 CV 0024** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | **ORDER OF DISMISSAL** |
| **UNIVERSITY HOSPITALS** | ) | |
| **HEALTH SYSTEM, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

The Plaintiff filed this case under the pseudonym of John Koe. This is the second case against these Defendants that Plaintiff has attempted to file under a pseudonym. The first case, *Koe v. University Hospitals Health System, Inc.*, No. 1:22-cv-01455 (N.D. Ohio Oct. 13, 2022) (Polster, J.) was dismissed without prejudice. After a thorough review of the issue, Judge Polster denied Plaintiff's request to proceed under a pseudonym and gave him 14 days to file the action using his legal name. Plaintiff refused and Judge Polster dismissed the case without prejudice. An appeal of that decision remains pending in the United States Sixth Circuit Court of Appeals. *Koe v. University Hospitals Health System, Inc.*, *appeal docketed*, No. 22-3952 (6th Cir. Nov. 15, 2022) (last visited Feb. 23, 2024). Plaintiff has since filed this action against the same Defendants based on the same facts, and once again moved to proceed under a pseudonym rather than his legal name. (R. 1, 2). Plaintiff's filings in this case request that this Court disregard Judge Polster's decision and the pending appeal following dismissal of the prior action. The Court declines that invitation, based on the clearly established law set forth herein.

The Court construes a *pro se* plaintiff's complaint liberally and holds it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). District courts,

however, have the discretion to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

The threshold issue of proceeding under a pseudonym is no longer open for discussion. Judge Polster already decided that issue in the aforementioned case. Plaintiff is barred by *res judicata* from filing the same case and litigating the same issue a second time in the hope of circumventing Judge Polster's decision or obtaining a different result. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). If Plaintiff wishes to file an action against these Defendants, the Court has already determined that he must do so under his legal name. This is not the proper forum for Plaintiff to challenge that ruling. Plaintiff is cautioned that if he persists in his attempts to circumvent that ruling and pending appeal by re-filing his claims under a pseudonym, the Court may deem him to be a vexatious litigator and may impose restrictions on his ability to file new cases without obtaining prior leave of court.

Accordingly, this action is dismissed. *Apple*, 183 F.3d at 479. Plaintiff's motion to proceed under a pseudonym (R. 2) is denied. While the Court has considered the Defendants' motion for reassignment of this case to Judge Polster (R. 4) and Plaintiff's Opposition, it is denied as moot because the Court finds that the outcome would be the same and exercises its discretion to rule directly on this matter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal cannot be taken in good faith.

**IT IS SO ORDERED.**

Dated: February 23, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge