UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
MAR 22 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| JOHN KOE | ) |
| | ) |
| Plaintiff | ) |
| | ) CASE NO. 1:24-CV-00024 |
| | ) |
| vs. | ) JUDGE DAVID A. RUIZ |
| | ) |
| UNIVERSITY HOSPITALS HEALTH | ) |
| SYSTEM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

MOTION FOR RELIEF FROM JUDGMENT

Koe moves the Court: (1) to vacate its judgment dated February 23, 2024; (2) to reverse its dismissal order dated February 23, 2024; (3) to extend time for service of process; (4) for a tentative order granting leave to proceed under a pseudonym; and (5) for leave to fully brief and argue the issue of res judicata the Court raised on its own motion. In support of this motion, Koe offers the points and authorities below.

**ARGUMENT**

Plainly, the Dismissal Order fails to accurately and fairly portray the factual record and sequence of events in the prior case filed on August 15, 2022 and terminated on Oct. 13, 2022: Koe v. University Hospitals Health System, Inc., No. 1:22-cv-01455 (N.D. Ohio). Notably, the district court in that case did not afford Koe notice or leave to amend prior to its October 13, 2022 dismissal of his action and contemporaneous entry of separate judgment dismissing all claims under 28 U.S.C. § 1915(e). A post-judgment motion is not a substitute for an appeal. Moreover, a district court lacks authority to shorten the time limit for filing a motion seeking

relief from judgment or to frustrate the right to seek appellate review. See 28 U.S.C. § 2072(b); Fed. R. Civ. P. 83(b).

"The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.) "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring). "[A] federal court does not have *carte blanche* to depart from the principle of party presentation basic to our adversary system." *Wood v. Milyard*, 566 U.S. 463, 472 (2012). "Where no judicial resources have been spent on the resolution of a question, trial courts must be eroding the principle of party presentation so basic to our system of adjudication." *Arizona v. California*, 530 U.S. 392, 412-13 (2000). In this case, the Court has, on its own motion, raised preclusion defenses to dismiss this fully paid action without affording Koe notice or an opportunity to respond. When a district court takes sua sponte action that is tantamount to advocacy, it "erod[es] the principle of party presentation so basic to our system of adjudication," *Arizona v. California*, 530 U.S. 392, 412-13 (2000).

In any case, there is no preclusive bar to the instant action. A dismissal under § 1915(e) does *not* constitute a final decision on the merits where, as in this case, the plaintiff pays the court's filing fee when bringing a subsequent suit. See *Stephens v. Hayes*, 374 F. App'x 620, 622 (6th Cir. 2010) ("[initial dismissal] under § 1915(e)(2) was not a dismissal on the merits; consequently, it arguably lacks res judicata effect except as to frivolousness determinations for future *in forma pauperis* petitions."); *Davis v. Butler Cnty.*, 658 F. App'x 208, 6 (6th Cir.

2016)(doubting the soundness of the district court's conclusion a second, paid complaint was barred by res judicata because "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in forma pauperis*"). In other words, the first element for res judicata—a final decision on the merits—is lacking in this case, thus the Court's application of res judicata on its own motion is suspect at best.

Preclusion depends in large part on the assumption that the rendering court fully and soundly considered the issues that were necessary to its disposition of the case. The notice, opportunity to respond, and party participation inherent to most sua sponte dismissals, including those for lack of jurisdiction, warrant serious skepticism with respect to attaching any preclusive effect. The reality is that Koe has not been afforded a full and fair opportunity to be heard on the exceptional circumstances of his case that on balance warrant allowing him to litigate his claims under a pseudonym. The actual reasons that Koe has advanced have been ignored and disregarded.

*Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999) cannot be read to, as this Court suggests, to authorize a district court "conduct a limited screening procedure and to dismiss [on its own motion] a fee-paid Complaint filed by a non-prisoner..." generally. (Doc #6, PageID# 32). In *Apple*, the Sixth Circuit concluded that the district court erred in dismissing Apple's complaint under § 1915(e)(2), but found "the claims in Apple's paid complaint lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). Accordingly, the Sixth Circuit exercised its discretion to affirm for any other reason supported by the facts of the case in the record to "affirm the district court's dismissal on the ground that the district court lacked subject matter jurisdiction to entertain Apple's complaint." *Id.* The Sixth Circuit decision in *Apple* strongly emphasizes "most [paid]

complaints will not be so clearly insufficient as to warrant dismissal" for lack of subject-matter jurisdiction. *Id.* Such a dismissal "is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible." *Id.* Otherwise, "a district court must afford the plaintiff the procedural protections of *Tingler* before dismissing the complaint." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983)). *Id.*

The teaching in *Apple* is a reminder that in the context of a complaint raising a constitutional issue, standing and a substantial federal question are required for the exercise of Article III jurisdiction. In the rare instances when it is so obvious from the face of a well-pleaded complaint that the constitutional question raised is so insubstantial—including instances where Supreme Court precedent clearly forecloses the question—the district court is without subject-matter jurisdiction and thus dismissal may be appropriate without leave to amend and prior to service of process, if not mandatory. See Fed. R. Civ. P. 12(h)(3) ("[i]if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The phrase "no longer open for discussion" quoted in Apple from *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) is a term of art that cannot be extended to the facts of this case. *Apple* pertained to a complaint raising a constitutional question and in that context "longer open to discussion" means a constitutional question that is insubstantial because "its unsoundness so clearly results from the previous decisions of this court [i.e. the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'"*Goosby v. Osser*, 409 U.S. 512, 518 (1973) (citations omitted)(cleaned up).

Despite the Court's reliance on *Apple*, the Dismissal Order curiously makes no reference to subject-matter jurisdiction at all, or Fed. R. Civ. P. 12(h)(3) or Fed. Civ. P. 12(b)(1). In any

case, this Court has subject-matter jurisdiction and a "virtually unflagging" duty "to hear and decide cases within its jurisdiction." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014) (cleaned up). Nevertheless, the Court has dismissed this fully paid action on its own motion without prior notice and prior to service of process, prior to a motion to dismiss or answer, and all without affording Koe an opportunity to address the issue raised by the Court on its own motion.

## CONCLUSION

Based on the foregoing, the Court should (1) vacate the judgment dated February 23, 2024; (2) reinstate the case; (3) extend time for service of process; (4) grant Koe tentative leave to proceed under a pseudonym; and (5) allow the parties to brief and argue the issue of res judicata raised by the Court.

Dated: March 22, 2024

Respectfully submitted,

*/s/ John Koe*

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff, self-represented

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2024, I deposited the foregoing document with the Clerk of the United States Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, service will be made on the following through the CM/ECF system users and thus through electronic mail on:

    David A. Campbell, III (OH Attorney# 66494)
    Gordon Rees Scully Mansukhani dcampbell@grsm.com

    Donald Slezak (OH Attorney# 92422)
    Gordon Rees Scully Mansukhani dslezak@grsm.com

*/s/ John Koe*

John Koe