UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN KOE | ) |
| | ) |
| **Plaintiff** | ) |
| | ) CASE NO. 1:24-CV-00024 |
| | ) |
| vs. | ) JUDGE DAVID A. RUIZ |
| | ) |
| UNIVERSITY HOSPITALS HEALTH | ) |
| SYSTEM, INC., et al., | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO ENLARGE TIME FOR SERVICE

Plaintiff John Koe ("Koe") moves to enlarge time to serve Defendants. Koe additionally moves for an order authorizing the Clerk of the Court to issue summons and provide the standard clerical assistance anticipated by Fed. R. Civ. P. Rule 4 and Local Rule 4.2.

## **Background**

Koe's action was brought under Title VII of the Civil Rights Act ("Title VII") 42 U.S.C. § 2000e et seq, the Americans with Disabilities Act ("ADA'") as amended, 42 U.S.C. § 12101 et seq., and the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. § 2000ff et seq. The ADA and the GINA incorporate by reference the powers, procedures, and remedies of Title VII. See 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000ff-6(a). This Court has federal question subject-matter jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. The case also entails related causes of action under the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02, implicating this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

The complaint names 9 Defendants total: 2 corporate entities and employers liable under both federal and state law; and 7 individual defendants liable under state law.

**Procedural History**

Koe timely filed this complaint and commenced this non-prisoner, fully-paid employment discrimination and retaliation civil rights action on January 4, 2024.

On Jan 18, 2024, counsel for UH filed a Motion for Reassignment requesting that the case be reassigned. UH's motion states "[t]his filing does not serve to waive or accept service of Plaintiff's Complaint for Employment Discrimination." *See* 4: Def. Mot. for Reassignment, PageID# 20. UH did not file the corporate disclosure statement required by L.R. 3.13(b). *See* L.R. 3.13(b) ("a party, intervenor, or proposed intervenor must file the disclosure statement upon the filing of a [...] motion, response, or other pleading in this Court, whichever occurs first.")

On February 23, 2024, this Court, acting on its own motion, and without prior notice to the parties dismissed the action on grounds it raised sua sponte. The Court contemporaneously entered its separate judgment.

On March 22, 2024, Koe filed a timely post-judgment motion in which he moved the Court to vacate its judgment, reinstate his case, extend time for service of process, to grant him tentative leave to proceed under a pseudonym, and for briefing as to the issue of res judicata the Court raised and decided on its own motion without prior notice.

Koe also filed a timely notice of appeal to the Court of Appeals from the Sixth Circuit and paid the full appellate filing fee of $605.00. *See* 9: Notice of Appeal and related docket

entries. As of April 3, 2024, Koe's post-judgment motion remains pending consideration and decision by this Court.

**Additional Facts**

Prior to the Court's sua sponte February 23, 2024 dismissal, Koe initiated the procedure regarding waiver of service, Fed. R. Civ. P. 4(d) by sending each individual Defendant via Certified Mail on February 17, 2024: (1) two copies of a Notice of Lawsuit and Request for Waiver of Service of Summons; (2) a Waiver of Service of Summons form; (3) a copy of the filed complaint; and (4) a postage prepaid envelope for returning the waiver form. On a different day, Koe sent the equivalent to Defendants University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center via the address registered with the State of Ohio.

The Certified Mail sent to Defendants David A. Campbell, III; Seamus McMahon; and Andrew W. Hunt have been returned as delivery refused. *See* respectively Certified Mail Nos. 7021 2720 0000 0175 4790; 7021 2720 0000 0175 4745; and 7021 2720 0000 0175 4806. The Certified Mail sent to Defendant Cathleen A. Cerny-Suelzer is apparently being returned to sender. *See* Certified Mail No. 7021 2720 0000 0175 4820.

The Certified Mail sent to Defendants Katherine VanStratton, Robert J. Ronis, and Susan T. Nedorost were all successfully delivered. *See* respectively Certified Mail Nos. 7021 2720 0000 0175 4738; 7021 2720 0000 0175 4752; and 7021 2720 0000 0175 4813.

Defendants University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center have not returned waiver of service forms. When Koe respectfully inquired about the return of the waiver form, UH's legal representative threatened Koe with criminal charges

Ohio Rev. Code § 2903.211(A)(1) (prohibiting a pattern of conduct that knowingly causes mental distress to another person).

In sum, as of April 3, 2024, Koe has not received a waiver of service from each defendant.

**ARGUMENT**

Fed. R. Civ. P. Rule 4(m) provides a general, but flexible 90-day time limit for service after the complaint is filed. A court "must extend the time for service for an appropriate period" upon a showing of good cause. Rule 1 dictates that the Rules "should be construed, administered, and employed by *the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. Rule 1(emphasis added).

This Court's sua sponte dismissal was entered prior service of process, before service of a motion under Rule 12(b), (e), or (f)., and before time expired for Koe to exercise his right to amend his "pleading once as a matter of course" under Fed. R. Civ. P. 15(a). "Such *sua sponte* dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of 'a proponent rather than an independent entity.' "*Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (citation omitted). "Moreover, such dismissals are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources." *Id.* (citation omitted). "A district court must afford the plaintiff the procedural protections of *Tingler* before dismissing the complaint." *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). In this case, the Court did not afford Koe the procedural protections emphasized in *Tingler*.

Before the action was dismissed, Koe was diligently trying to accomplish service and act in accordance with the procedural rules including Fed. R. Civ. P. Rules 4 and 1 and Local Rule 4.2. Koe's efforts have been to no avail. Koe has been unable to complete service of process under Rule 4 on account of the termination of the case on February 23, 2024. Koe already filed a post-judgment motion requesting enlargement of time for service which remains pending the Court's consideration and decision. Good cause exists for granting an enlargement of time for service and considerations of fairness, equities, and justice all weigh in favor of granting the enlargement.

## CONCLUSION

Based on the foregoing, the Court should grant this motion and enter an order enlarging time to serve Defendants and authorizing the Clerk of the Court to issue summons and provide the standard clerical assistance anticipated by Fed. R. Civ. P. Rule 4 and Local Rule 4.2.

Dated: April 3, 2024

Respectfully submitted,

*/s/ John Koe*

Plaintiff, self-represented

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2024, I deposited the foregoing document with the Clerk of the United States Court for the Northern District of Ohio. When the Clerk scans and uploads the document into CM/ECF, service will be made on the following through the CM/ECF system users and thus through electronic mail on:

    David A. Campbell, III (OH Attorney# 66494)
    Gordon Rees Scully Mansukhani dcampbell@grsm.com

    Donald Slezak (OH Attorney# 92422)
    Gordon Rees Scully Mansukhani dslezak@grsm.com

*John Koe*

John Koe