# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KOE, | : | CASE NO. 1:24-CV-00024 |
| | : | |
| Plaintiff | : | JUDGE DAVID A. RUIZ |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS HEALTH | : | |
| SYSTEM, INC., et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendants University Hospitals Health System, Inc. ("UHHS"), University Hospitals Cleveland Medical Center ("UHCMC"), Seamus McMahon, David Campbell, Robert Ronis, Cathleen Cerny-Suelzer, Andrew Hunt, Susan Nedorost, and Katherine VanStratton (collectively, "Defendants"), by and through counsel, hereby submit their Brief in Opposition to Plaintiff John Koe's Motion for Relief from Judgment (the "Motion").  The Motion should be denied, in its entirety, because Plaintiff has not satisfied the Federal Rule 60(B) standard to warrant relief.

As this Court has recognized, this matter presents the identical issue decided by this Court and affirmed by the Sixth Circuit Court of Appeals in *John Koe v. University Hospitals Health System, Inc.*, *et al.*, Case Nos.1:22-CV-0145, 22-3952 and therefore, the doctrine of res judicata precludes Plaintiff's claims.  Accordingly, the dismissal issued by this Court on February 23, 2024, should be upheld and Plaintiff's Motion should be denied.

1

Respectfully submitted,

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Y. Timothy Chai (0092202)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East, Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com
tchai@grsm.com

*Attorneys for Defendants*

2

## I.    <u>INTRODUCTION</u>

Plaintiff John Koe ("Plaintiff") seeks to proceed anonymously in this lawsuit.  However, Plaintiff filed a nearly identical lawsuit in 2022 against University Hospitals Health System, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC"), *John Koe v. University Hospitals Health System, Inc.*, *et al.*, 1:22-CV-01455 (the "First Lawsuit").  The First Lawsuit was dismissed by Judge Polster.  Jude Polster provided Plaintiff with the opportunity to refile the First Lawsuit under his real name, but Plaintiff elected to waive that right and to appeal.  Judge Polster's dismissal order has been affirmed by the United States Court of Appeals for the Sixth Circuit.

Despite the dismissal and while the First Lawsuit was pending on appeal, Plaintiff filed this second lawsuit (the "Second Lawsuit"),  which involves the same claims and issues in the First Lawsuit, but now includes additional defendants Seamus McMahon ("McMahon"), David Campbell ("Campbell"), Robert Ronis ("Ronis"), Cathleen Cerny-Suelzer ("Cerny-Suelzer"), Andrew Hunt ("Hunt"), Susan Nedorost ("Nedorost"), and Katherine VanStratton ("VanStratton").[1]  Incredibly and in direct contradiction to Judge Polster's prior order, Plaintiff filed this lawsuit anonymously.

This Court properly recognized that Plaintiff's Second Lawsuit was barred by *res judicata*. In doing so, the Court issued its February 23, 2024 order (the "Order") dismissing the Complaint on the grounds that (1) Judge Polster had already determined the "threshold issue of proceeding under a pseudonym"; and (2) that Plaintiff could not relitigate the same claims at issue in the First Lawsuit.

---

[1] UHHS, UHCMC, McMahon, Campbell, Ronis, Cerny-Suelzer, Hunt, Nedorost, and VanStratton are collectively referred to as "Defendants".

3

This Court's Order was well-reasoned and consistent with the authorities of this Circuit. Like with the First Lawsuit, Plaintiff has sought to have this Court reverse its prior order by filing a Rule 60 motion for relief from judgment. Plaintiff's motion, however, fails to address the requirements of Rule 60 or otherwise present any evidence or argument to support this Court finding that Rule 60 relief is appropriate. Indeed, a Plaintiff may not simply utilize Rule 60 as a means to relitigate their claims. *See Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001). Accordingly, this Court should deny Plaintiff's motion.

## II.  **RELEVANT FACTS**

### A.  **Plaintiff's First Lawsuit.**

On August 15, 2022, Plaintiff filed the First Lawsuit in this same Court. (Complaint for Employment Discrimination (hereinafter "First Complaint"). The First Complaint in the First Lawsuit was filed anonymously under the pseudonym John Koe. (First Complaint at pg. 1). Plaintiff did not seek approval from the Court to file the First Complaint anonymously (*See generally*, the First Lawsuit). The defendants in the First Lawsuit are UHHS and UHCMC. (First Complaint at pg. 2).

The First Lawsuit asserts claims under Title VII, the ADA, and the Genetic Information Nondiscrimination Act of 2008. (First Complaint at pg. 3). The claims arise out of UHCMC's residency program. (First Complaint at pg. 6). Plaintiff started in the residency program on June 20, 2019. (First Complaint at pg. 7). On April 23, 2021, Plaintiff was terminated from the residency program. (First Complaint at pg. 9). Since the discharge, the Complaint alleges that Plaintiff has continued to suffer from retaliation. (First Complaint at 11).

On October 13, 2022, District Judge Polster dismissed the First Lawsuit without prejudice to be refiled with a complaint identifying Plaintiff. (*See* First Lawsuit Docket at ECF # 8). Plaintiff

then appealed the dismissal and on March 8, 2024, the Appellate Court issued the Order that dismissed Plaintiff's appeal. (*See* First Lawsuit Docket at ECF # 11).

**B.** **Judge Polster Denied Plaintiff's Rule 60 Motion In The First Lawsuit Because Plaintiff Failed To Meet The Rule 60 Standard.**

While the appeal was pending, Plaintiff also filed a Motion for Relief from Judgment from the Court's judgment dismissing his claims when it concluded it lacked jurisdiction. (*See* First Lawsuit Docket at ECF # 14). Plaintiff's motion did not raise any new facts or issues not addressed by Judge Polster but, rather, sought to relitigate the issues addressed by the Court. (*See* First Lawsuit Docket at ECF # 14).

Judge Polster dismissed Plaintiff's Rule 60 motion *sua sponte*. (*See* First Lawsuit Docket at ECF # 15). While Judge Polster correctly recognized that Plaintiff's appeal divested the Court's jurisdiction to consider the Rule 60 motion, the Court nonetheless addressed the motion on the merits. (*See* First Lawsuit Docket at ECF # 15). Judge Polster addressed each of the factors considered by this Circuit in analyzing whether relief pursuant to Rule 60 is appropriate. (*Id.*). Judge Polster also correctly recognized that

> "Rule 60(b) does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'"

(*Id.* (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Ultimately, Judge Polster correctly determined that Plaintiff's Rule 60 motion did nothing other than seek to have the Court reconsider its prior dismissal without any consideration or facts which would give way for relief pursuant to Rule 60:

> "[h]ere, Plaintiff fails to identify some irregularity or procedural defect in the procurement of the judgment…Plaintiff's motion is merely another attempt to convince the court to rule in his favor and is an insufficient basis for the Court to grant relief from judgment entered one year ago."

(*Id.* At pg. 3-4).

Relevant to this matter, Plaintiff's appeal proceeded in the Sixth Circuit Court of appeals until the Sixth Circuit Court of Appeals issued its judgment affirming Judge Polster's decision to dismiss the First Lawsuit. (*See John Koe v. University Hospitals Health Systems, Inc., et al.*, No. 22-3952 (the "First Lawsuit Appeal") at ECF # 40).  Presumably dissatisfied with the Sixth Circuit's decision, Plaintiff has petitioned the Appellate Court for a rehearing *en banc*. (*Id.* At ECF ## 42-47).  Plaintiff admits in his petition that the dismissal of his First Lawsuit means his Title VII claims are time-barred:

> "[t]he panel overlooks Koe's argument – preserved below and on appeal – that the dismissal despite its label operates with prejudice because it left him time-barred to refiling his claims."

(First Lawsuit Appeal at ECF # 42).

## C.    Plaintiff's Second Lawsuit Raises The Same Facts And Issues As The First Lawsuit.

While Plaintiff's appeal was pending with the Sixth Circuit Court of Appeals, Plaintiff filed his Second Lawsuit. (*See* Complaint for Employment Discrimination filed in the Second Lawsuit (hereinafter "Second Complaint").  The Second Complaint was filed on January 4, 2024. (*Id.*). As with the First Lawsuit, the Second Lawsuit was filed by John Koe, a pseudonym.  (Complaint at pg. 1).  The Second Lawsuit includes additional defendants beyond UHHS and UHCMC. (Second Complaint at pgs. 2, 7, and 8).  The claims are the same, but Plaintiff added a state law discrimination claim.  (Second Complaint at pg. 3).

Relevant to this Motion, the Second Lawsuit makes it clear that all of the alleged wrongful conduct occurred prior to the filing of the First Lawsuit:  "It is my best recollection that the alleged discriminatory acts occurred on date(s) May 2020 – September 2022."  (Second Compliant at pg. 4).  As with the First Lawsuit, the Second Lawsuit arises out of UHCMC's residency program.

6

(Second Compliant at pg. 9).  The Second Lawsuit also challenges Plaintiff's termination from the residency program.  (Second Complaint at 10).  Finally, as with the First Lawsuit, the Second Lawsuit alleges retaliation following Plaintiff's discharge from the residency program.  (Second Complaint at 10-11).

       **D.**    **<u>The Order</u>.**

On February 23, 2024, this Court dismissed the Second Lawsuit because it is nearly identical to the First Lawsuit and it was also improperly filed anonymously.  (Order at pg. 3.  The Order discusses at length Plaintiff's First Complaint and Judge Polster's reasoning and authorities for dismissing the First Complaint. (*See generally*, Order).  This Court properly recognized that Judge Polster had already determined the threshold issue of proceeding anonymously and provided Plaintiff with an avenue to correct its faulty filing should he choose to proceed with his claims against Defendants:

> "[t]he threshold issue of proceeding under a pseudonym is no longer open for discussion.  Judge Polster already decided that issue in the aforementioned case.  Plaintiff is barred by *res judicata* from filing the same case and litigating the same issue a second time in the hope of circumventing Judge Polster's decision on or obtaining a different result.  If Plaintiff wishes to file an action against these Defendants, the Court has already determined that he must do so under his legal name."

(Order at 2).

On March 22, Plaintiff filed a Motion for Relief from Judgment. (*See* Docket at ECF # 8).  On the same day, Plaintiff also filed a Notice of Appeal to the Sixth Circuit. (*See* Docket at ECF # 9).  Plaintiff's appeal of this Court's dismissal is docketed as *John Koe v. University Hospitals Health System, Inc., et al.*, No. 24-3263.

On April 3, 2024, the Sixth Circuit remarked that the appeal will be held in abeyance until after this Court rules on Plaintiff's pending motions. (First Appeal at ECF # 9).

### III.  LAW AND ARGUMENT

#### A.  Standard Of Review.

To seek Rule 60(b) relief during the pendency of an appeal, the "proper procedure is for [an Plaintiff] to file his motion in the district court. If that court indicates that it will grant the motion, the Plaintiff should then make a motion in [the] court [of appeals] for a remand of the case in order that the district court may grant the motion." *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005).

Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

None of these grounds exist to provide Plaintiff relief from this Court's Order dismissing the Second Lawsuit.  Accordingly, Plaintiff's motion should be denied.

#### B.  Plaintiff Fails To Address The Rule 60 Requirements And, Instead, Seeks To Relitigate This Court's Dismissal.

Plaintiff's Rule 60 motion fails to address the requirements of Rule 60. (*See generally,* Motion for Relief from Judgment).  In fact, the factors and requirements for Rule 60 relief are not even mentioned in Plaintiff's motion. (*Id.*).  Rather, Plaintiff's motion leaves no doubt that Plaintiff has no facts or arguments supporting any Rule 60 relief and is nothing more than an attempt to relitigate this Court's dismissal order and the dismissal issued by Judge Polster in the First Lawsuit:

> "[p]lainly, the Dismissal Order fails to accurately and fairly portray the factual record and sequence of events in the prior

8

case…Notably, the district court in that case did not afford Koe notice or leave to amend prior to its October 13, 2022 dismissal of his action and contemporaneous entry of separate judgment dismissing all claims…"

(*Id.* at 1).

Plaintiff does not raise any new arguments but, rather, simply seeks to address the matter solely upon the merits of relitigating *res judicata*.

Importantly, Rule 60(b) does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001). The purpose of a Rule 60(b) motion, rather, is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore concerns some irregularity or procedural defect in the procurement of the judgment denying relief. See *In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (en banc), judgment vacated in *Bell v. Abdur'Rahman*, 545 U.S. 1151, 125 S. Ct. 2991, 162 L. Ed. 2d 909 (2005). Relief under Rule 60(b) is "'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)); *Vargo v. D & M Tours, Inc.*, No. 4:18CV01297, 2020 U.S. Dist. LEXIS 35367, at *9 (N.D. Ohio Mar. 2, 2020) (finding that regardless of the subsection of Rule 60(b), relief granted under Rule 60(b) is "the exception, not the rule" because the courts are guided by the constraints imposed by public policy favoring finality of judgment and termination of litigation).

Here, Plaintiff fails to identify any irregularity or procedural defect in the procurement of the judgment. As Judge Polster articulated in the First Lawsuit, "[p]ermitting an amended complaint under these circumstances would undermine the policy demands of Rule 60, which

9

necessarily balance justice with interests in litigation finality. *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).  Put simply, Plaintiff's claims are barred by res judicata and Plaintiff's frivolous motions do nothing more than delay the inevitable and do not support Rule 60 relief.[2]  Accordingly, Plaintiff's motion should be denied.

IV.     <u>**CONCLUSION**</u>

Based on the foregoing arguments and authorities and Plaintiff's failure to satisfy the requirements for 60(B) relief and the doctrine of res judicata, Plaintiff's Motion for Relief from Judgment must be denied.

Respectfully submitted,

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Y. Timothy Chai (0092202)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East, Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2511
Fax: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com
tchai@grsm.com

*Attorneys for Defendants*

---

[2] The Sixth Circuit recently addressed the elements of res judicata in *Autumn Wind Lending, LLC v. Estate of John J. Siegel*, 92 F.4th 630, 634-635 (2024).  These elements support this Court's dismissal order and support denying Plaintiff's motion.

## **CERTIFICATE OF SERVICE**

I hereby certify on this 5th day of April, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon *Pro Se* Plaintiff John Koe via email at john@johnkoe.org and via regular U.S. mail to John Koe, P.O. Box 527, Novelty, OH 44072.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Defendants*