UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN KOE, | ) | CASE NO. 1:24-cv-00024 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. *et al.*, | ) ) ) | ORDER |
| Defendants. | ) | |

Before the Court is Plaintiff's motion for relief from judgment that dismissed this action. R. 8. Defendant opposes the motion for relief. R. 12. The Court finds that it lacks jurisdiction to rule on the Plaintiff's motion for relief from judgment because Plaintiff has appealed the Court's decision to the Sixth Circuit Court of Appeals; and, in the alternative, it further finds there is no proper basis to grant the motion. Consequently, Plaintiff's motion (R. 8) is DENIED.

**FACTS**

Plaintiff's motion raises several arguments relating to the decision that dismissed this case as well as the earlier dismissal of a related action, *Koe v. University Hospitals Health Systems, Inc.*, No. 1:22-cv-01455 (N.D. Ohio), by Judge Polster. Plaintiff contends that Judge Polster erred by not affording Plaintiff notice of its possible dismissal nor offering an opportunity to amend before dismissing that action. R. 8, PageID#: 34-35. Further, Plaintiff contends that this Court erred by concluding that Judge Polster's prior decision was *res judicata*

1

in this case, as he now contends the prior decision: (1) was flawed as described above and (2) was not a judgment on the merits. *Id.*, PageID#: 35-36. Plaintiff alleges that this Court's decision, like his contention against the Judge Polster's decision, improperly dismissed the case *sua sponte* without giving Plaintiff notice or the opportunity to address any issues. *Id.*, PageID#: 38.

Before filing the motion for relief from judgment in this case, Plaintiff had appealed—to the Sixth Circuit—the dismissal by Judge Polster in Case No. 1:22-cv-01455 and the previous judgment in this case from which he now seeks relief.

## STANDARD OF REVIEW

While a notice of appeal generally confers jurisdiction on the appeals court and divests the district court of jurisdiction to consider a motion under Rule 60(b) for relief from judgment, the Sixth Circuit permits district court review of such a motion for the limited purpose of determining if the district court would grant such relief. *Koe v. University Hospitals Health Systems, Inc.*, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023) (citations omitted). If the district court indicates it would grant the motion, the appellant may move the appeals court to remand the case in order that the motion be granted. *Id.* (citation omitted).

Federal Rule of Civil Procedure 60(b) provides six delineated reasons for granting relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or remanded; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b), however, does not grant a defeated litigant "a second chance to convince the court to rule in his favor by presenting new explanations, legal theories or proof." *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001). Rather the purpose of a Rule 60(b) motion is "to permit the court to reconsider its judgment when that judgment rests on a defective foundation." *Koe*, 2023 WL 10352931, at *1. Thus, the factual predicate of a Rule 60(b) motion must concern "some irregularity or procedural defect in the procurement of the judgment denying relief." *Id*. (citation omitted). Moreover, relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and the termination of litigation." *Id.* (internal citation and quotation omitted).

## ANALYSIS

Here, Plaintiff seeks to ground his motion on purported defects in the above-referenced case before Judge Polster, Case No. 1:22-cv-01455. However, a motion for relief from judgment in this case is not a vehicle for seeking to alter or amend the judgment in that case. In addition, Plaintiff also appealed to the Sixth Circuit the dismissal of the case before Judge Polster, and a few weeks before Plaintiff filed the motion for relief in the present case, the Sixth Circuit explicitly rejected Plaintiff's argument that Judge Polster did not give Plaintiff a full and fair opportunity to present reasons as to why he should proceed anonymously and affirmed the decision to dismiss that case without prejudice. *Koe v. University Hospitals Health Systems, Inc*.

3

2024 WL 1048184, at *3 (6th Cir. March 8, 2024). That action was remanded to the district court, *id*. at *4, where Plaintiff filed motions to reopen/reinstate the case and to file an amended complaint. *See* Case No. 1:22-cv-1455, R. 24 (motion to file amended complaint), R. 25 (motion to reinstate/reopen). There, the presiding judge has already denied those motions.

Consequently, there is no basis to grant Plaintiff's motion in this case on the alleged theory that the decision in Case No. 1:22-cv-01455 was flawed.

In addition, the Sixth Circuit has provided clear guidance for considering Plaintiff's related theory that it was proper to find here that the prior decision operates as *res judicata* on the specific issue of whether Plaintiff may proceed anonymously. The Sixth Circuit affirmed Judge Polster's decision to dismiss Plaintiff's complaint filed under a pseudonym, which decision was the basis for the underlying dismissal here. *See, Koe*, 2024 WL 1048184, at *3. Further, given this precedent, Plaintiff's attempt to create an issue over whether Judge Polster's decision properly is termed *res judicata*, *see*, R. 8, Page ID#: 35-36, lacks merits and at best, is an assertion of harmless error insufficient to warrant the relief sought.

## CONCLUSION

The Court finds that it lacks jurisdiction to rule on the Plaintiff's motion for relief from judgment because of the pending appeal, and it further finds there is no proper basis to grant the motion for relief from judgment. Therefore, Plaintiff's motion (R. 8) is DENIED.

IT IS SO ORDERED.

Dated: December 18, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge